# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **ROBERT QUIGLEY** *et al.*, |
| Plaintiffs, |
| v. |
| **DISTRICT OF COLUMBIA**, |
| Defendant. |

Case No. 20-cv-00910 (TNM)

## MEMORANDUM OPINION

Plaintiffs Robert Quigley, Huei Lan Hsu, and Stacy Mongeon are three District of Columbia residents. Appearing *pro se*, they seek review of the denial of their respective claim for unemployment compensation by the District of Columbia Department of Employment Services, in light of the labyrinthine Coronavirus Aid, Relief and Economic Security (CARES) Act, which became law on March 27, 2020. For the following reasons, the Court concludes that it lacks subject matter jurisdiction.

## I.

On April 1, 2020, the D.C. Department of Employment Services denied each plaintiff's application for unemployment compensation based on ineligibility. *See* Compl. Exs. C, D, E. Plaintiffs have until April 16, 2020, to request reconsideration of that decision. If no request is made, the decision becomes final. *Id*. Plaintiffs allege that the "Federal Government is paying the full amount of [their] claims and as such the District of Columbia is simply a conduit in which those monies are paid to the plaintiffs." Compl. ¶ 6. They seek "600 per week . . for a period of four months . . . or $9,600 each for the full period." *Id*. at ¶ 7.

1

**II**.

Federal courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal "spending legislation" does not itself "confer enforceable rights." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279–82 (2002). In providing guidance on "the administration of and eligibility criteria for state unemployment insurance (UI) programs" under the CARES Act, the Department of Labor has explained:

> Under the Federal Pandemic Unemployment Compensation program eligible individuals who are collecting certain [unemployment insurance] benefits, including regular unemployment compensation, will receive an additional $600 in federal benefits per week for weeks of unemployment ending on or before July 31, 2020. Additionally, the Pandemic Emergency Unemployment Compensation (PEUC) program allows those who have exhausted benefits under regular unemployment compensation or other programs to receive up to 13 weeks of additional benefits. States must offer flexibility in meeting PEUC eligibility requirements related to "actively seeking work" if an applicant's ability to do so is impacted by COVID-19.

https://www.dol.gov/newsroom/releases/eta/eta20200402-0 (last visited Apr. 7, 2020). In short, unemployment compensation decisions still remain with the states. And under District of Columbia law, final decisions of the Department of Employment Services are reviewed by the District of Columbia Court of Appeals "in accordance with the District of Columbia Administrative Procedure Act," *not* by this Court. D.C. Code § 51-112; *Barnett v. D.C. Dep't of Employment Servs.*, 491 A.2d 1156, 1158 (D.C. 1985).[1]

Accordingly, this case will be dismissed for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring that if a court finds "at any time that it lacks subject-matter jurisdiction, the

---

[1] There is of course no suggestion that these three District plaintiffs qualify for diversity jurisdiction when suing their city government.

court must dismiss the action"). A separate Order will issue.


Dated: April 8, 2020                                      TREVOR N. McFADDEN
                                                         United States District Judge